■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT LONG, Appellant. [602 NYS2d 549] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered May 30, 1991, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Berkowitz, J.), of those branches of the defendant's omnibus motion which were to suppress written and oral statements made by the defendant to law enforcement officials and physical evidence seized from the defendant.

Ordered that the judgment is affirmed.

The defendant's claim that the statements he made to the police and the physical evidence seized from his residence should have been suppressed as the results of an unlawful arrest inside his residence (see, Payton v New York, 445 US 573), has not been preserved for appellate review since he failed to raise it before the suppression court (see, People v Gonzalez, 55 NY2d 887; People v Smith, 55 NY2d 888; People v Middleton, 180 AD2d 761; People v Richardson, 175 AD2d 143), and we decline to reach it in the exercise of our interest of justice jurisdiction.

Similarly, the defendant has failed to preserve the issue of the sufficiency of his plea of guilty, since he did not move to withdraw his plea in the trial court (see, People v Pellegrino, 60 NY2d 636; People v Ferguson, 156 AD2d 581; People v Dominguez, 151 AD2d 497), and we decline to reach this issue in the exercise of our interest of justice jurisdiction. Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.