THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MANLEY, Appellant. [809 NYS2d 319]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered February 26, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Supreme Court properly denied that part of defendant's motion seeking sup-

pression of the gun seized by school officials from him during a pat-down search and the statement he made to those school officials. Contrary to the contention of defendant, the school officials had sufficient grounds to conduct the pat-down search (*see Matter of Gregory M.*, 82 NY2d 588, 593-594 [1993]). In any event, the record establishes that defendant consented to the search. The record further establishes that there was no police participation in the school officials' questioning of defendant resulting in the subsequent statement of defendant that he possessed the gun because he was having "problems" with someone from school, and thus the court properly refused to suppress that statement despite the fact that *Miranda* warnings had not been administered (*see People v Ray*, 65 NY2d 282, 286-287 [1985]). Finally, the sentence is not unduly harsh or severe, and the court did not abuse its discretion in denying defendant's request for youthful offender status (*see generally People v Bolling*, 24 AD3d 1195 [2005]). Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.