THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON FONTAINE, Appellant. [815 NYS2d 375]—

Appeal from a judgment of the Wayne County Court (Stephen R. Sirkin, J.), rendered July 17, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). We reject the contention of defendant that County Court erred in refusing to suppress evidence seized from his apartment. The record of the suppression hearing establishes that the police received a telephone call from relatives of defendant who were moving "stuff" out of defendant's apartment. The relatives found weapons and asked the police to remove them. A police officer testified at the suppression hearing that, upon his arrival at the apartment, defendant's mother and sister informed him that there were guns in the attic and asked him to "go up in and take the guns." They also informed the officer that they were moving defendant out of the apartment. The officer testified that, in fact, the two women as well as two men were loading items from the apartment into a truck and an automobile. Contrary to defendant's contention, the record establishes that the searching officer relied in good faith on the apparent authority of defendant's mother and sister to consent to the search, and the circumstances reasonably indicated that they had the requisite authority to consent to the search (see People v Adams, 53 NY2d 1, 9 [1981], rearg denied 54 NY2d 832 [1981], cert denied 454 US 854 [1981]). The good faith of the searching officer was properly "based upon an objective view of the circumstances present and not upon [his] subjective good faith" (id.). The searching officer thus was not required to make "some inquiry into the actual state of authority [because he was not] faced with a situation which would cause a reasonable person to question the consenting part[ies'] power or control over the premises or property to be inspected" (id. at 10; see People v Gonzalez, 88 NY2d 289, 295 [1996]; see also People v Pierre, 300 AD2d 324 [2002], lv denied 100 NY2d 597 [2003]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.