■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SCOTT, Appellant. [817 NYS2d 822]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered April 15, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). We reject the contention of defendant that Supreme Court failed to engage in the requisite three-step analysis in ruling on his *Batson* challenge (*see People v Wells*, 7 NY3d 51 [2006]). The issue whether the court ruled on the first step of the analysis by determining whether defendant established a prima facie case of discrimination is moot because the court ruled on the second and third steps of the analysis, i.e., whether the prosecutor provided race-neutral reasons for exercising a peremptory challenge with respect to an African-American juror and whether defendant met his "ultimate burden of persuading the court that the reasons were merely a pretext for intentional discrimination" (*People v Smocum*, 99 NY2d 418, 422 [2003]; *see People v James*, 99 NY2d 264, 270 [2002]). We conclude that the prosecutor met his burden under step two of the analysis and that the court properly "denied [defendant's *Batson*] challenge, thereby implicitly determining that [the prosecutor's] reasons [for exercising the peremptory challenge] were not pretextual" under step three (*People v Robinson*, 1 AD3d 985, 986 [2003], *lv denied* 2 NY3d 805 [2004]).

We also reject defendant's further contention that the court erred in refusing to suppress evidence seized from a house into which defendant retreated after discarding a weapon. The record establishes that a resident of the house gave the police permission to enter the premises, and we see no reason to

disturb the court's conclusion that she had the requisite authority to consent to the search of the premises (*see People v Fontaine*, 27 AD3d 1144 [2006]; *People v Cassidy*, 16 AD3d 1079, 1081 [2005], *lv denied* 5 NY3d 760 [2005]). The court did not abuse its discretion in denying defendant's request for youthful offender status (*see generally People v Manley*, 26 AD3d 755, 756 [2006], *lv denied* 6 NY3d 836 [2006]), and the sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Smith, JJ.