■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARORY BIGELOW, Appellant. [892 NYS2d 449]—

1128

In his omnibus motion, the defendant, who made certain statements to law enforcement officials after being arrested, sought, inter alia, a *Dunaway* and *Huntley* hearing (*see Dunaway v New York*, 442 US 200 [1979]; *People v Huntley*, 15 NY2d 72 [1965]). Although it is unclear from the record whether that branch of the motion which was for a *Dunaway* hearing was withdrawn by the defendant or overlooked by the hearing court, it is clear that the hearing court, which properly determined that the defendant's statements were voluntarily made (*see People v Cooper*, 36 AD3d 828 [2007]), never issued a ruling on that branch of that motion. By acquiescing in the lack of a ruling, the defendant abandoned that branch of the motion, thereby rendering his present *Dunaway* claim unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Anderson*, 52 AD3d 1320, 1320-1321 [2008]; *People v Henriquez*, 246 AD2d 427 [1998]). We decline to review that claim in the exercise of our interest of justice jurisdiction.

To the extent the defendant's claims of ineffective assistance of counsel are based upon matter dehors the record, they may not be reviewed on direct appeal (*see People v Ballinger*, 62 AD3d 895 [2009]; *People v Rosas*, 306 AD2d 91, 92 [2003]). Insofar as we are able to review those claims, defense counsel provided the defendant with meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Rivera*, 71 NY2d 705, 709 [1988]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.