# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

824

KA 10-01632

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                                        MEMORANDUM AND ORDER

LENNIE D. FRANKLINE, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

LENNIE D. FRANKLINE, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered June 3, 2009. The judgment convicted defendant, upon a jury verdict, of kidnapping in the first degree (three counts), predatory sexual assault, criminal sexual act in the first degree (four counts), assault in the second degree, abortion in the second degree and aggravated harassment in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, predatory sexual assault (Penal Law § 130.95 [1] [b]), three counts of kidnapping in the first degree (§ 135.25 [2] [a], [c]), and four counts of criminal sexual act in the first degree (§ 130.50 [1]), defendant contends that the verdict with respect to the kidnapping counts is against the weight of the evidence because the People failed to prove beyond a reasonable doubt that he restrained the victim within the meaning of Penal Law § 135.00 (1). We reject that contention. The victim testified at trial that defendant, her ex-boyfriend, held her against her will in their apartment in excess of two days, and that he repeatedly hit and kicked her while her arms and legs were bound by wire. The victim further testified that defendant then poured gasoline on her and threatened to set her on fire if she did not have anal intercourse with him. She fled from the apartment to safety more than 48 hours later, when defendant left the apartment to obtain food. Although there were periods during which the victim was not physically confined in the apartment, the jury could reasonably have determined that she was effectively restrained from leaving due to her fear of defendant and

his threats of using deadly physical force against her and others if she attempted to leave (*see* § 135.00 [1], [2]; *see generally People v Lotmore*, 276 AD2d 901, 902, *lv denied* 96 NY2d 736).  We note that the victim's testimony was amply corroborated by other evidence, including photographs of her various injuries, and that the jury was entitled to credit her testimony over that of defendant, wherein he maintained that he did not restrain the victim in any way and that she consented to the sexual activity (*see People v Brink*, 78 AD3d 1483, 1484, *lv denied* 16 NY3d 742, 828).  Thus, viewing the evidence in light of the elements of the counts of kidnapping as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to those counts is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that County Court's *Ventimiglia* ruling, which allowed the People in their direct case to present evidence of subsequent crimes committed by defendant against the same victim in Bronx County, effectively deprived him of his Fifth Amendment rights with respect to the subsequent crimes.  Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]) and, in any event, that contention lacks merit.  The court ruled that the People were not allowed to cross-examine defendant concerning those subsequent crimes in Bronx County in the event that he chose to testify (*see generally People v Betts*, 70 NY2d 289, 291; *People v Sandoval*, 34 NY2d 371), and evidence of those crimes was admissible under *People v Molineux* (168 NY 264, 293-294; *cf. People v Mack*, 234 AD2d 565, 566, *lv denied* 89 NY2d 1096).  Given the brutal and sadistic nature of the crimes committed by defendant, and his prior criminal record, we conclude that the sentence is not unduly harsh or severe.

In his pro se supplemental brief, defendant contends that the court erred in refusing to suppress evidence obtained by the police from his apartment.  According to defendant, the police obtained the evidence during a search of the apartment to which the victim consented, and she lacked actual or apparent authority to consent to the search.  We reject that contention.  Although the victim was residing at a friend's house at the time of the search, she had previously lived with defendant in the apartment and had paid the rent for the month in which the search occurred.  In addition, she retained a key to the apartment and had left clothing there, and the utilities were still in her name.  Under the circumstances, the court properly concluded that the victim had apparent authority to consent to the search (*see People v Adams*, 53 NY2d 1, 8-10, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854; *People v Fontaine*, 27 AD3d 1144, 1145, *lv denied* 6 NY3d 847; *United States v Trzaska*, 859 F2d 1118, 1120, *cert denied* 493 US 839; *see generally Illinois v Rodriguez*, 497 US 177, 188-189).

Defendant's further contentions in his pro se supplemental brief concerning the alleged legal insufficiency of the evidence are unpreserved for our review (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *People v Gray*, 86 NY2d 10, 19), and we have reviewed defendant's remaining contentions therein and conclude that

none has merit.