# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1269

KA 04-02509

PRESENT: SCUDDER, P.J., SMITH, GREEN, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHARLES L. ADAMS, DEFENDANT-APPELLANT.

---

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (KELLEY PROVO OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered September 8, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). Defendant contends that Supreme Court erred in refusing to suppress his statements to the police as the fruit of an allegedly unlawful arrest. Even assuming, arguendo, that defendant preserved that contention for our review by moving to suppress the statements on that ground, we conclude that he abandoned his contention by failing to seek a ruling on that part of his omnibus motion and by failing to object to the admission in evidence of his statements at trial on that ground (*see People v Anderson*, 52 AD3d 1320, *lv denied* 11 NY3d 733; *see also People v Bigelow*, 68 AD3d 1127, *lv denied* 14 NY3d 797). We reject the further contention of defendant that the court erred in refusing to suppress his written statement on the ground that it was involuntarily made. The 17-year-old defendant was afforded, at his request, several opportunities to speak with his mother prior to making the statement, and "[t]he fact that defendant['s mother] gave testimony [at the suppression hearing] that conflicted with that of the police officers presented an issue of credibility for the court, which had the opportunity to observe and assess the witnesses" (*People v Towndrow*, 236 AD2d 821, 822, *lv denied* 89 NY2d 1016; *see generally People v Lewis*, 277 AD2d 1010, 1011, *lv denied* 96 NY2d 736).

We reject defendant's contention that the court abused its discretion in allowing the People to present the limited testimony of a witness who observed defendant the morning after the murder (*see generally People v Odom*, 53 AD3d 1084, 1087, *lv denied* 11 NY3d 792). Further, defendant's contention with respect to the allegedly improper comment of the prosecutor on summation concerning that testimony is not preserved for our review because defendant failed either to object to the court's curative instruction following that comment or to request a mistrial, and thus "the curative instruction[] must be deemed to have corrected [any] error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his further contention that the court erred in failing to charge the jury on the defense of temporary lawful possession of a weapon (*see People v Lawrence*, 28 AD3d 1123, *lv denied* 6 NY3d 896). Contrary to defendant's contention, he was not denied effective assistance of counsel based on defense counsel's failure to request that charge, inasmuch as the conduct of defendant was inconsistent with his claim of temporary lawful possession (*see People v Banks*, 76 NY2d 799, 801; *People v Smith*, 63 AD3d 1655, *lv denied* 13 NY3d 839; *see generally People v Caban*, 5 NY3d 143, 152).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court