# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1474**

**KA 11-00795**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

CHRISTOPHER SMITH, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 20, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that the consent to search his apartment obtained from the complainant involved in an alleged domestic dispute with defendant was invalid and thus that Supreme Court erred in refusing to suppress evidence obtained by the police during the resulting search. We reject that contention. The People met their burden of establishing that the police reasonably believed that the complainant had the requisite authority to consent to the search of defendant's apartment (*see People v Gonzalez*, 88 NY2d 289, 295; *People v Adams*, 53 NY2d 1, 9-10, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854). The evidence at the suppression hearing established that police officers responding to a report of a domestic dispute at defendant's apartment were met by the complainant, who stated that she was defendant's girlfriend, that she lived in the apartment, and that she wanted to retrieve certain items of personal property but was afraid that defendant would return to the apartment. The complainant further stated that defendant kept a gun in the apartment and had threatened to shoot her. The complainant permitted the police officers to enter the apartment, directed an officer to the location of the gun, and collected some belongings from a closet that contained both men's and women's clothing. Thus, "the record establishes that the searching officer[s] relied in good faith on the apparent authority of [the complainant] to consent to the search, and

the circumstances reasonably indicated that [she] had the requisite authority to consent to the search" (*People v Fontaine*, 27 AD3d 1144, 1145, *lv denied* 6 NY3d 847; *see People v Frankline*, 87 AD3d 831, 833, *lv denied* 19 NY3d 973; *People v Littleton*, 62 AD3d 1267, 1269, *lv denied* 12 NY3d 926).  Contrary to defendant's contention, the searching officers were "not required to make 'some inquiry into the actual state of authority' " of complainant to consent to a search because they were not " 'faced with a situation which would cause a reasonable person to question the consenting part[y's] power or control over the premises or property to be inspected' " (*Fontaine*, 27 AD3d at 1145, quoting *Adams*, 53 NY2d at 10).  Finally, the sentence is not unduly harsh or severe.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court