# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1293

KA 10-02082

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

BRIAN F. BRITTON, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (ROBERT C. JEFFRIES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered October 6, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted kidnapping in the second degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20). Defendant's contention that he was unlawfully arrested in his home without an arrest warrant in violation of *Payton v New York* (445 US 573) is unpreserved for our review inasmuch as he failed to raise it before County Court (*see People v Smith*, 55 NY2d 888, 890; *People v Long*, 195 AD2d 610, 610, *lv denied* 82 NY2d 756; *People v Sneed*, 191 AD2d 969, 969-970), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that the search of his apartment was unlawful because the police lacked a search warrant or valid consent to search, and thus that the court erred in refusing to suppress the rifle obtained by the police during the search of this apartment. The People met their burden of establishing that the police reasonably believed that defendant's wife, the complainant, had the requisite authority to consent to the search of the apartment (*see People v Gonzalez*, 88 NY2d 289, 295; *People v Littleton*, 62 AD3d 1267, 1269, *lv denied* 12 NY3d 926). The evidence at the suppression hearing established that police officers responded to a report of a domestic dispute possibly involving a gun at defendant's apartment. As the police approached the door of the apartment, they heard a male yelling and a female crying. After defendant was removed from the apartment,

the complainant permitted the police to enter the apartment and informed them that she lived there.  The complainant then told the police that defendant had threatened her with a gun and directed the officers to the location of the rifle.  The rifle was located in a closet inside the doorway to the apartment.  The complainant consented to the seizure of the rifle and, indeed, asked the police to remove it for her safety.  Thus, "the record establishes that the searching officer[s] relied in good faith on the apparent authority of [the complainant] to consent to the search, and the circumstances reasonably indicated that [she] had the requisite authority to consent to the search" (*People v Fontaine*, 27 AD3d 1144, 1145, *lv denied* 6 NY3d 847; *see People v Smith*, 101 AD3d 1794, 1795, *lv denied* 20 NY3d 1104; *see generally People v Scott*, 31 AD3d 1165, 1165-1166, *lv denied* 7 NY3d 851).

Finally, defendant further contends that the court erred in refusing to suppress the rifle seized from his apartment as the result of an arrest that was made without probable cause.  Although defendant moved to suppress the rifle on that ground, he abandoned it by expressly limiting the scope of the suppression hearing to the legality of the search of his apartment and the seizure of the rifle and, furthermore, by failing to seek a ruling on that part of his omnibus motion (*see generally People v Adams*, 90 AD3d 1508, 1509, *lv denied* 18 NY3d 954; *People v Adger*, 83 AD3d 1590, 1591, *lv denied* 17 NY3d 857; *People v Nix*, 78 AD3d 1698, 1698-1699, *lv denied* 16 NY3d 799, *cert denied* ___ US ___, 132 S Ct 157; *People v Bigelow*, 68 AD3d 1127, 1128, *lv denied* 14 NY3d 797).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court