Now, upon reading and filing the stipulation of withdrawal signed by the attorneys for the parties on September 2, 2015,

It is hereby ordered that said appeal is unanimously dismissed without costs upon stipulation. Present—Scudder, P.J., Smith, Lindley, Valentino and Whalen, JJ.

■ TRAVELERS CASUALTY AND SURETY COMPANY, Formerly Known as the AETNA CASUALTY AND SURETY COMPANY and Another, as Successor in Interest to GULF INSURANCE COMPANY, Respondents, v CORNING INCORPORATED, Formerly Known as CORNING GLASS WORKS, et al., Appellants, et al., Counterclaimant. [17 NYS3d 357]—Appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Matthew A. Rosenbaum, J.), entered September 22, 2014. The judgment, among other things, granted the motion of plaintiffs for partial summary judgment and denied the motion of defendants for partial summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs for reasons stated in the decision at Supreme Court. Present—Scudder, P.J., Smith, Lindley, Valentino and Whalen, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN C. WEAVER, Appellant. [16 NYS3d 890]—

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered January 30, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (five counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and five counts of criminal possession of a weapon in the third degree (§ 265.02 [1], [3], [7]), defendant contends that his statements to the police should have been suppressed as the product of an illegal arrest. Defendant requested a probable cause hearing in his omnibus motion, which County Court denied "at this point." The court advised defense counsel that, if the facts adduced at the *Huntley* hearing raised an issue regarding probable cause, the court would consider the issue at that time. Defendant, however, never renewed his request for a probable cause hearing or raised any contention with respect to probable cause at the *Huntley* hearing. Under the circumstances, we conclude that defendant has abandoned his contention (*see People v Britton*, 113 AD3d 1101, 1102 [2014], *lv denied* 22 NY3d 1154 [2014]; *see also People v Linder*, 114 AD3d 1200, 1200-1201 [2014], *lv denied* 23 NY3d 1022 [2014]; *People v Adams*, 90 AD3d 1508, 1509 [2011], *lv denied* 18 NY3d 954 [2012]). Present—Centra, J.P., Peradotto, Carni, Whalen and DeJoseph, JJ.