# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1420

KA 11-02608

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SHAWN D. WEEZORAK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, THE ABBATOY LAW FIRM, PLLC (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered October 21, 2011. The judgment convicted defendant, after a nonjury trial, of overdriving, torturing and injuring animals in violation of Agriculture and Markets Law § 353.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of overdriving, torturing and injuring animals (Agriculture and Markets Law § 353). The charges arose from an incident in which defendant punched his dog and held its head underwater in a bathtub, after the dog excreted in defendant's home. Contrary to defendant's contention, viewing the evidence in light of the elements of the crime in this nonjury trial, we conclude that "an acquittal would have been unreasonable . . . , and thus the verdict is not against the weight of the evidence" (*People v Kreutter*, 121 AD3d 1534, 1535-1536, *lv denied* 25 NY3d 990). We conclude that defendant abandoned his further contention that Supreme Court erred in refusing to suppress the dog's exhumed remains because the warrantless search was illegal. Although defendant initially moved to suppress the evidence on that ground, he expressly limited the scope of the suppression hearing in his written closing statement following the hearing to the custodial interrogation issue, and he also failed to seek a ruling on that part of his omnibus motion in which he argued that the search and seizure was illegal (*see People v Britton*, 113 AD3d 1101, 1102, *lv denied* 22 NY3d 1154; *see generally People v Adams*, 90 AD3d 1508, 1509, *lv denied* 18 NY3d 954).

Entered: December 31, 2015                    Frances E. Cafarell
                                              Clerk of the Court