■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST HAYES, Appellant. [802 NYS2d 30]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered March 12, 2003, convicting defendant, after a jury trial, of attempted murder in the second degree, robbery in the first and second degrees, burglary in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life for the robbery and weapon convictions, to run consecutively to concurrent terms of 25 years to life for the attempted murder and burglary convictions, unanimously affirmed.

The verdict convicting defendant of attempted murder was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). The evidence established that defendant and a codefendant, acting in concert, bound, gagged and beat the victim and shot him in the head. This evidence warranted the conclusion that defendant intended to cause the victim's death.

The court properly exercised its discretion in admitting an audiotape of an emotionally charged 911 call made by a testifying witness. Contrary to defendant's arguments, we conclude that the tape was not inflammatory, and that it was relevant to trial issues concerning the victim's physical condition (*see People v Wood*, 79 NY2d 958 [1992]; *People v Stevens*, 76 NY2d 833 [1990]).

The court properly directed that the sentences for the robbery and weapon convictions be served consecutively to the sentences for the attempted murder and burglary convictions. The former crimes were committed through separate and distinct acts from the latter, even though they were close in time and part of a single transaction (*see People v Salcedo*, 92 NY2d 1019 [1998]). After robbing the victim at gunpoint, defendant and the codefendant forced the victim to accompany them as they unlawfully entered a building and attempted to kill the victim therein. The latter crimes were unnecessary to the commission of the already-completed armed robbery (*see People v Lewis*, 268 AD2d 249 [2000], *lv denied* 95 NY2d 799 [2000]).

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.