■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. COMFORT, Appellant. (Appeal No. 1.) [817 NYS2d 811]—

Appeal from a judgment of the Monroe County Court (Richard

A. Keenan, J.), rendered April 25, 2003. The judgment convicted defendant, upon a jury verdict, of rape in the second degree, rape in the third degree (six counts), sexual abuse in the third degree, and endangering the welfare of a child (five counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of three counts of rape in the third degree under counts 9, 12 and 14 of the indictment and dismissing those counts of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of rape in the second degree (Penal Law § 130.30 [1]) and sexual abuse in the third degree (§ 130.55), six counts of rape in the third degree (§ 130.25 [2]), and five counts of endangering the welfare of a child (§ 260.10 [1]). As defendant correctly contends, that part of the judgment convicting him of rape in the third degree under count 12 of the indictment must be reversed because, although count 12 refers to a single act of sexual intercourse between defendant and a victim less than 17 years old, the People presented evidence at trial establishing that there were two distinct acts of intercourse during the time period specified in count 12. "Reversal [and dismissal of that count] is required because the jury may have convicted defendant of an unindicted rape, resulting in the usurpation by the prosecutor of the exclusive power of the Grand Jury to determine the charges" (*People v McNab*, 167 AD2d 858, 858; *see People v Grega*, 72 NY2d 489, 495-496 [1988]). The same analysis applies to that part of the judgment convicting defendant of rape in the third degree under count 14, inasmuch as the People presented evidence establishing that defendant and the underage victim engaged in intercourse on more than one occasion during the time period specified in count 14 (*see McNab*, 167 AD2d at 858). We therefore modify the judgment by reversing those parts convicting defendant of two counts of rape in the third degree under counts 12 and 14 of the indictment and dismissing those counts of the indictment.

Defendant further contends that the evidence is legally sufficient to support the conviction of only one of the two counts of rape in the third degree under counts seven and nine of the indictment. We agree, inasmuch as "the briefly interrupted act of sexual intercourse . . . was 'part and parcel of the continuous conduct' that constituted one act of rape" (*People v Watkins*, 300 AD2d 1070, 1071 [2002], *lv denied* 99 NY2d 659 [2003]). Although defendant failed to preserve his contention for our

review, we nevertheless exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore further modify the judgment by reversing that part convicting defendant of rape in the third degree under count nine of the indictment and dismissing that count of the indictment.

We reject the contention of defendant that County Court erred in denying that part of his motion seeking to sever the counts of the indictment. The charges were properly joined under CPL 200.20 (2) (b) because the "modus operandi [of defendant] was 'sufficiently unique to make proof of his commission of one [crime] probative of his commission of the other[s]' " (*People v Jones*, 236 AD2d 846, 846 [1997], *lv denied* 90 NY2d 859 [1997]). "[O]nce the offenses were properly joined [pursuant to CPL 200.20 (2) (b)], the court lacked statutory authority to sever" (*People v Bongarzone*, 69 NY2d 892, 895 [1987]).

We also reject defendant's contention that the court abused its discretion in refusing to give a missing witness charge. "[T]here is ample support in the record that the missing [police] officer's testimony would have been cumulative," and thus a missing witness charge was not warranted with respect to that officer (*People v Macana*, 84 NY2d 173, 180 [1994]). In any event, any error in the court's refusal to give a missing witness charge is harmless (*see People v Cato*, 306 AD2d 912, 913 [2003], *lv dismissed* 1 NY3d 569 [2003]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Gorski, Martoche, Green and Hayes, JJ.