■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAFIZ HAYES, Appellant. [822 NYS2d 81]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered July 2, 2003, convicting defendant, after a jury trial, of attempted murder in the second degree, robbery in the first and second degrees, burglary in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 35 years, unanimously affirmed.

The court properly denied defendant's request for a *Frye* hearing (*Frye v United States*, 293 F 1013 [DC Cir 1923]) to determine the admissibility of expert testimony concerning the presence of gunshot residue on defendant's clothing, offered by the People to prove defendant's proximity to the shooting at issue. Defendant did not establish that the particular type of analysis employed by the expert was significantly different from standard techniques for analysis of gunshot residue that are generally accepted (*see People v Serrano*, 219 AD2d 508, 509 [1995], *lv denied* 87 NY2d 907 [1995]). The People laid a proper foundation for the expert's opinion, and defendant's arguments go to the weight and not the admissibility of the testimony (*see People v Wesley*, 83 NY2d 417, 429 [1994]).

Defendant's challenge to the court's response to a jury note is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's response was meaningful and that the supplemental instruction on accomplice liability adequately conveyed that defendant could only be convicted as an accomplice if he intentionally aided the other participant and shared that person's specific intent in the commission of the crimes (Penal Law § 20.00).

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Defendant's contention that the court improperly directed that the sentences for the robbery and weapons possession convictions be served consecutively to the sentences for the attempted murder and burglary convictions is similar to a claim raised by his codefendant on appeal and rejected by this Court on the basis that "[t]he former crimes were committed through separate and distinct acts from the latter" (*People v Hayes*, 22 AD3d 253, 254 [2005], *lv denied* 5 NY3d 882 [2005]). Concur—Buckley, P.J., Mazzarelli, Williams, Gonzalez and Sweeny, JJ.