■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER JACOBS, Appellant. [859 NYS2d 541]—

Appeal from a judgment of the Supreme Court, Erie County (Amy J. Fricano, J.), rendered December 6, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (three counts), criminal possession of a weapon in the third degree (two counts), endangering the welfare of a child, kidnapping in the second degree, attempted robbery in the first degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of kidnapping in the second degree and attempted robbery in the first degree, dismissing count 12 of the indictment, and dismissing count 13 of the indictment without prejudice to the People to re-present any appropriate charges under count 13 of the indictment to another grand jury and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of assault in the second degree (Penal Law § 120.05 [2]), two counts of criminal possession of a weapon in the third degree (§ 265.02 [1]), and one count each of kidnapping in the second degree (§ 135.20) and attempted robbery in the first degree (§§ 110.00,

160.15 [3]). We agree with defendant that the kidnapping conviction is precluded by the merger doctrine (*see generally People v Cassidy*, 40 NY2d 763, 767 [1976]). Although defendant failed to preserve his contention for our review, we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Here, the restraint and asportation of the victim were "so much the part of" the attempted robbery and assault of the victim that those crimes could not have been committed without the acts comprising the kidnapping (*Cassidy*, 40 NY2d at 767; *see People v Cain*, 76 NY2d 119, 125 [1990]; *cf. People v Rios*, 60 NY2d 764, 766 [1983]; *People v Gray*, 288 AD2d 897, 898 [2001], *lv denied* 97 NY2d 729 [2002]). We therefore modify the judgment by reversing that part convicting defendant of kidnapping in the second degree and dismissing count 12 of the indictment.

We also agree with defendant that the judgment must be further modified by reversing that part convicting him of attempted robbery in the first degree. Although defendant was indicted on a single count of attempted robbery, the People presented evidence establishing a completed robbery, which could result in a conviction of attempted robbery (*see* Penal Law § 110.00; *People v Alamo*, 34 NY2d 453, 456 [1974]), as well as evidence establishing an attempted robbery. "Reversal is required because the jury may have convicted defendant of an unindicted [attempted robbery], resulting in the usurpation by the prosecutor of the exclusive power of the Grand Jury to determine the charges" (*People v McNab*, 167 AD2d 858, 858 [1990]; *see People v Comfort*, 31 AD3d 1110, 1111 [2006], *lv denied* 7 NY3d 847 [2006]), as well as the "danger that . . . different jurors convicted defendant based on different acts" (*People v Whitfield*, 255 AD2d 924, 924 [1998], *lv denied* 93 NY2d 981 [1999]). We therefore further modify the judgment by reversing that part convicting defendant of attempted robbery in the first degree and dismissing count 13 of the indictment without prejudice to the People to re-present any appropriate charges under that count of the indictment to another grand jury (*see e.g. People v Black*, 38 AD3d 1283, 1285 [2007], *lv denied* 8 NY3d 982 [2007]; *People v Bracewell*, 34 AD3d 1197, 1199 [2006]).

Contrary to the contention of defendant, Supreme Court properly refused to suppress the written statements that he made to a police detective after he waived his *Miranda* rights. There was "such a definite, pronounced break [between the pre-*Miranda* interrogation and the post-*Miranda*] interrogation that defendant may be said to have returned, in effect, to the status of one who [was] not under the influence of questioning"

(*People v Chapple*, 38 NY2d 112, 115 [1975]; *see People v Smith*, 275 AD2d 951 [2000], *lv denied* 96 NY2d 739 [2001]). Contrary to the further contention of defendant, neither the indictment nor the court's charge to the jury precluded a conviction of assault under count five of the indictment, which was based on a theory of transferred intent (*see* Penal Law § 120.05 [2]). The record establishes that the court's final charge on that count, to which there was no objection by defendant, adequately set forth the elements of that crime, and there is legally sufficient evidence of the elements of that crime "as those elements were charged to the jury without exception" (*People v Dekle*, 56 NY2d 835, 837 [1982] [emphasis omitted]; *see People v Sala*, 95 NY2d 254, 260-261 [2000]).

We reject the further contention of defendant that he was denied effective assistance of counsel based upon defense counsel's failure to challenge the legality of the warrantless entry into defendant's home and the warrantless arrest of defendant therein pursuant to *Dunaway v New York* (442 US 200 [1979]) and *Payton v New York* (445 US 573 [1980]). Defendant failed to meet his burden of "demonstrat[ing] the absence of strategic or other legitimate explanations" for defense counsel's failure to do so (*People v Garcia*, 75 NY2d 973, 974 [1990]; *see People v Murphy*, 43 AD3d 1334 [2007], *lv denied* 9 NY3d 1037 [2008]; *see also People v Marcial*, 41 AD3d 1308, 1308-1309 [2007], *lv denied* 9 NY3d 878 [2007]). "We further conclude on the record before us that the cumulative effect of defense counsel's [other] alleged deficiencies, viewed in totality and as of the time of the representation, did not deprive defendant of effective assistance of counsel" (*Marcial*, 41 AD3d at 1309; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to defendant's further contentions, the verdict is not against the weight of the evidence with respect to assault in the second degree under counts four and five of the indictment (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Defendant failed to preserve for our review his contentions concerning the alleged legal insufficiency of the evidence with respect to those counts and count six, for criminal possession of weapon in the third degree (*see People v Gray*, 86 NY2d 10, 19 [1995]). Finally, defendant failed to preserve his remaining contentions for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present— Hurlbutt, J.P., Martoche, Fahey, Green and Gorski, JJ.