■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUAN NGUYEN, Also Known as DAVID NGUYEN, Appellant. [885 NYS2d 677]—Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 17, 2006. The judgment convicted defendant, upon a nonjury verdict, of manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of one count of manslaughter in the second degree (Penal Law § 125.15 [1]) and two counts of endangering the welfare of a child (§ 260.10 [1], [2]).

Defendant failed to preserve for our review his contention that Supreme Court erred in admitting certain expert medical testimony presented by the People on the ground that the testimony lacked a proper foundation or was speculative (*see* CPL 470.05 [2]) and, in any event, that contention lacks merit (*see generally* Prince, Richardson on Evidence § 7-315 [Farrell 11th ed]).

Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The court was presented with conflicting expert testimony concerning the cause of death of the victim, and the court was entitled to credit the expert testimony presented by the People (*see People v Fields*, 16 AD3d 142 [2005], *lv denied* 4 NY3d 886 [2005]; *see generally People v Miller*, 91 NY2d 372, 380 [1998]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.