# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

638

KA 07-02086

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

KENNETH BOYKINS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered September 17, 2007.  The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts), assault in the first degree (two counts), assault in the second degree, burglary in the first degree (three counts) and attempted murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of attempted murder in the second degree and dismissing the ninth count of the amended indictment and by directing that the sentences on the remaining counts shall run concurrently with respect to each other and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him following a jury trial of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [2]) arising from a home invasion. We agree with defendant that the conviction of attempted murder in the second degree must be reversed.  Although the ninth count of the amended indictment, charging defendant with that crime, refers to a single attempt to cause the death of the intended victim by shooting him, the People presented evidence at trial establishing that there were two distinct shooting incidents that may constitute the crime of attempted murder in the second degree.  "Reversal [of that conviction and dismissal of the ninth count] is required because the jury may have convicted defendant of an unindicted [attempted murder], resulting in the usurpation by the prosecutor of the exclusive power of the [g]rand [j]ury to determine the charges" (*People v McNab*, 167 AD2d 858, 858; *see People v Comfort*, 31 AD3d 1110, 1111, *lv denied* 7 NY3d 847).  In addition, because the trial evidence establishes two distinct acts that may constitute attempted murder, "[i]t is impossible to ascertain . . . whether different jurors convicted

defendant based on different acts" (*McNab*, 167 AD2d at 858; *see People v Jacobs*, 52 AD3d 1182, 1183, *lv denied* 11 NY3d 926).  Although defendant failed to preserve his contention for our review, "[p]reservation is not required inasmuch as '[t]he right of an accused to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable' " (*People v Bradford*, 61 AD3d 1419, 1420-1421, *affd* 15 NY3d 329), as is the right to a unanimous verdict (*see* CPL 310.80).  We therefore modify the judgment by reversing that part convicting defendant of attempted murder in the second degree and dismissing the ninth count of the amended indictment.  As the People correctly concede, the sentences imposed on the remaining counts must run concurrently with respect to each other, and we therefore further modify the judgment accordingly (*see generally People v Parks*, 95 NY2d 811, 814-815; *People v Davis*, 68 AD3d 1653, 1655, *lv denied* 14 NY3d 839, 841, 842).

We reject defendant's further contention that Supreme Court erred in denying his motion to sever his trial from that of his codefendant (*see People v Clark*, 66 AD3d 1489, *lv denied* 13 NY3d 906).  Finally, defendant contends for the first time on appeal that the fifth count of the amended indictment, charging him with assault in the second degree (Penal Law § 120.05 [6] [felony assault]) is jurisdictionally defective because it fails to state that the underlying felony is not one "defined in [Penal Law article 130 that] requires corroboration for conviction" (§ 120.05 [6]).  "Although . . . a jurisdictional defect in an indictment . . . may be raised for the first time on appeal" (*People v Iannone*, 45 NY2d 589, 600), we reject defendant's contention (*see generally People v D'Angelo*, 98 NY2d 733, 734-735).

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court