# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**29**

**KA 11-01908**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

DONALD C. FILER, DEFENDANT-APPELLANT.

---

DAVID R. ADDELMAN P.C., BUFFALO (DAVID R. ADDELMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Richard C. Kloch, Sr., A.J.), rendered August 7, 2008. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, criminal sexual act in the first degree, predatory sexual assault against a child, and sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal sexual act in the first degree under count two of the indictment and dismissing that count of the indictment without prejudice to the People to re-present any appropriate charges under that count of the indictment to another grand jury and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), criminal sexual act in the first degree (§ 130.50 [3]), predatory sexual assault against a child (§ 130.96), and sexual abuse in the first degree (§ 130.65 [3]).

Defendant failed to preserve for our review his contention that he was deprived of his right to a public trial when County Court ordered his friend to leave the courtroom (*see People v Hamilton*, 45 AD3d 1396, *lv denied* 10 NY3d 765). In any event, that contention is without merit inasmuch as the record establishes that the court acted within its discretion in order to "preserve order and decorum in the courtroom" (*People v Colon*, 71 NY2d 410, 416, *cert denied* 487 US 1239).

Defendant also failed to preserve for our review his contention that counts one, four and five of the indictment are facially

duplicitous (*see People v Becoats*, 71 AD3d 1578, 1579, *affd* 17 NY3d 643, *cert denied* ___ US ___ [Apr. 23, 2012]; *People v Sponburgh*, 61 AD3d 1415, 1416, *lv denied* 12 NY3d 929).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Although count two is not duplicitous on its face inasmuch as it alleges a single act (*see* CPL 200.50 [3] - [7]; *People v Keindl*, 68 NY2d 410, 417-418), we agree with defendant that it was rendered duplicitous by the testimony of the victim tending to establish the commission of multiple criminal acts during the period of time specified therein (*see People v McNab*, 167 AD2d 858).  "Because defendant's right to be tried and convicted of only those crimes charged in the indictment is fundamental and nonwaivable," defendant's contention regarding count two does not require preservation (*id.*).  We therefore modify the judgment by reversing that part convicting defendant of criminal sexual act in the first degree under count two of the indictment and dismissing that count without prejudice to the People to re-present any appropriate charges under that count to another grand jury (*see People v Bracewell*, 34 AD3d 1197, 1198-1199).

Contrary to defendant's contention, he was not entitled to his own copy of the videotape of the victim's testimony presented to the grand jury, which defense counsel had an opportunity to view (*see People v Smith*, 289 AD2d 1056, 1058, *lv denied* 98 NY2d 641).  We reject defendant's further contention that the court erred in allowing the People to present the testimony of an expert witness concerning child sexual abuse accommodation syndrome (CSAAS).  Expert testimony concerning CSAAS is admissible to assist the jury in understanding the unusual conduct of victims of child sexual abuse where, as here, the testimony is general in nature and does "not attempt to impermissibly prove that the charged crimes occurred" (*People v Carroll*, 95 NY2d 375, 387; *see People v Bassett*, 55 AD3d 1434, 1436-1437, *lv denied* 11 NY3d 922; *see also People v Gillard*, 7 AD3d 540, 541, *lv denied* 3 NY3d 659).  We also reject defendant's contention that the court erred in permitting the People's forensic pediatrician to testify that the absence of physical injuries was not inconsistent with sexual abuse of a child (*see generally People v Shelton*, 307 AD2d 370, 371, *affd* 1 NY3d 614).

Defendant failed to preserve for our review his contentions that he was denied his rights to due process and equal protection when the People prosecuted him for predatory sexual assault against a child rather than criminal sexual act in the first degree, and that the People also thereby violated the separation of powers clause of the United States Constitution (*see generally People v Jackson*, 71 AD3d 1457, 1458, *lv denied* 14 NY3d 888; *People v Schauerer*, 32 AD3d 1241).  In any event, those contentions are without merit (*see People v Lawrence*, 81 AD3d 1326, 1326-1327, *lv denied* 17 NY3d 797).  Finally, we conclude that the sentence is not unduly harsh or severe.


Entered:  July 6, 2012                          Frances E. Cafarell
                                                Clerk of the Court