# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**978**
**KA 10-01801**
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

WALTER SNYDER, ALSO KNOWN AS BUTCH SNYDER,
DEFENDANT-APPELLANT.

---

KELLEY PROVO, ROCHESTER, FOR DEFENDANT-APPELLANT.

JASON L. COOK, DISTRICT ATTORNEY, PENN YAN (PATRICK T. CHAMBERLAIN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick
Falvey, J.), rendered March 30, 2010. The judgment convicted
defendant, upon a jury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified as a matter of discretion in the interest of
justice by reducing the sentence to a determinate term of imprisonment
of seven years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of assault in the first degree (Penal Law § 120.10
[1]). Defendant failed to preserve for our review his contention that
the indictment is facially duplicitous (*see People v Becoats*, 71 AD3d
1578, 1579, *affd* 17 NY3d 643, *cert denied* ___ US ___, 132 S Ct 1970;
*People v Filer*, 97 AD3d 1095, 1096). In any event, that contention is
without merit inasmuch as "[e]ach count of [the] indictment . . .
charge[s] one offense only" (CPL 200.30 [1]; *see People v Wright*, 85
AD3d 1642, 1642, *lv denied* 17 NY3d 863; *see generally People v Keindl*,
68 NY2d 410, 417, *rearg denied* 69 NY2d 823), i.e., assault with a
dangerous instrument (*see* Penal Law §§ 120.10 [1]; 120.05 [4]).
Although defendant's contention that the indictment was rendered
duplicitous by the trial testimony need not be preserved for our
review (*see Filer*, 97 AD3d at 1096; *People v Boykins*, 85 AD3d 1554,
1555, *lv denied* 17 NY3d 814), that contention is likewise without
merit. The evidence establishes that the multiple punches and/or
kicks delivered by defendant constitute a single uninterrupted assault
rather than a series of distinct criminal acts (*see People v Alonzo*,
16 NY3d 267, 270; *People v Kaid*, 43 AD3d 1077, 1079-1080; *cf. Boykins*,
85 AD3d at 1555), and the assault "occurred over a short time frame,
without apparent abeyance, and was triggered by a single incident of
anger" (*People v Hines*, 39 AD3d 968, 969-970, *lv denied* 9 NY3d 876).

Defendant also failed to preserve for our review his contention that the trial evidence is legally insufficient to establish his intent to cause serious physical injury to the victim or his use of a dangerous instrument inasmuch as he did not raise those specific grounds in his motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19; *People v Latorre*, 94 AD3d 1429, 1429-1430, *lv denied* 19 NY3d 998). In any event, defendant's intent to cause serious physical injury may be inferred from, inter alia, his conduct, the surrounding circumstances, and the medical evidence (*see People v Nicholson*, 97 AD3d 968, 969; *People v Moore*, 89 AD3d 769, 769, *lv denied* 18 NY3d 926; *People v White*, 216 AD2d 872, 873, *lv denied* 86 NY2d 805). Additionally, "under the circumstances in which [they were] used, attempted to be used or threatened to be used," defendant's boots were "readily capable of causing death or other serious physical injury" and thus qualify as a "dangerous instrument" (Penal Law § 10.00 [13]; *see People v Ingram*, 95 AD3d 1376, 1377, *lv denied* 19 NY3d 974; *People v Richardson*, 95 AD3d 791, 791-792, *lv denied* 19 NY3d 1000).

We reject defendant's further contention that the evidence is legally insufficient to establish that the victim sustained a serious physical injury. As relevant here, the Penal Law defines "[s]erious physical injury" as, inter alia, "physical injury which . . . causes . . . serious and protracted disfigurement" (§ 10.00 [10]). Here, the record establishes that, as a result of the assault, five of the victim's teeth were significantly damaged. The victim's dentist testified that one of the victim's teeth was broken off at the gum line, another tooth was broken in half, and three other teeth were badly fractured. According to the dentist, three of the victim's teeth were damaged so extensively that they could not be restored and had to be extracted. The remaining damaged teeth were fractured so badly that they required crowns. In addition, the People introduced in evidence photographs of the victim's teeth and copies of his dental X rays that showed the extent of the damage to his teeth. We thus conclude that the evidence is legally sufficient to establish that the victim suffered "serious and protracted disfigurement" (*id.*; *see People v Heier*, 90 AD3d 1336, 1337, *lv denied* 18 NY3d 994; *People v Crawford*, 200 AD2d 683, 684, *lv denied* 83 NY2d 870; *Matter of Patrick W.*, 166 AD2d 652, 653; *People v Howard*, 79 AD2d 1064, 1065). Because "the evidence at trial is legally sufficient to support the conviction, defendant's further contention that the evidence presented to the grand jury was legally insufficient is not reviewable on appeal" (*People v Brown*, 96 AD3d 1561, 1562; *see* CPL 210.30 [6]; *People v Johnson*, 94 AD3d 1408, 1409, *lv denied* 19 NY3d 998). Contrary to the further contention of defendant, we conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that the admission in evidence of hospital and dental records violated his right of confrontation inasmuch as he failed to object to the

admission of those records (*see People v Snyder*, 91 AD3d 1206, 1213, *lv denied* 19 NY3d 968; *People v Myers*, 87 AD3d 826, 829, *lv denied* 17 NY3d 954), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that County Court erred in admitting expert testimony without an adequate foundation (*see People v Scott*, 93 AD3d 1193, 1195, *lv denied* 19 NY3d 967, *reconsideration denied* 19 NY3d 1001; *People v Nguyen*, 66 AD3d 1367, 1367, *lv denied* 13 NY3d 909). In any event, defendant's contention goes to the weight of the testimony, not its admissibility (*see Scott*, 93 AD3d at 1195; *People v Hayes*, 33 AD3d 403, 404, *lv denied* 7 NY3d 902).

Contrary to defendant's further contention, there was no *Rosario* violation. "There is no requirement that a prosecutor record in any fashion his [or her] interviews with a witness. If the prosecutor chooses to do so, *Rosario* and its progeny require that the recording be furnished to the defense. But nothing in the *Rosario* line of cases in any way imposes an obligation on the prosecutor to create *Rosario* material in interviewing witnesses. Nor do these cases or any related authority hold that a defendant's right of cross-examination is unfairly frustrated by the failure to record the witness's statement" (*People v Steinberg*, 170 AD2d 50, 76, *affd* 79 NY2d 673; *see People v Littles*, 192 AD2d 314, 315, *lv denied* 81 NY2d 1016).

We also reject the contention of defendant that he received ineffective assistance of counsel. With respect to defense counsel's failure to request a *Huntley* hearing, "[d]efendant failed to show that, had [defense] counsel moved for [such] a . . . hearing, his statements would have been suppressed" (*People v Hill*, 281 AD2d 917, 918, *lv denied* 96 NY2d 902; *see generally People v Salsbery*, 78 AD3d 1624, 1625-1626, *lv denied* 16 NY3d 836). Thus, defendant did not establish that defense counsel was ineffective in failing to make such a motion (*see generally People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968). Further, defendant failed to demonstrate the absence of a strategic or other legitimate explanation for defense counsel's failure to seek suppression of defendant's statements to the police, particularly given that those statements were consistent with his justification defense (*see generally People v Jurjens*, 291 AD2d 839, 840, *lv denied* 98 NY2d 652). Contrary to defendant's contention that defense counsel did not engage in an examination of prospective jurors, the record establishes that defense counsel in fact questioned each of the three panels of prospective jurors (*cf. People v Bell*, 48 NY2d 933, 934, *rearg denied* 49 NY2d 802). With respect to defendant's contention that defense counsel allegedly engaged in an "unsuccessful" cross-examination of the victim, "[t]hat contention constitutes a disagreement with the strategies and tactics of [defense] counsel [that], in hindsight, may have been unsuccessful but, nonetheless, do not rise to a level of ineffective assistance of counsel" (*People v Ocasio*, 81 AD3d 1469, 1469, *lv denied* 16 NY3d 898, *cert denied* ___ US___, 132 S Ct 318 [internal quotation marks omitted]; *see generally People v Flores*, 84 NY2d 184, 187). With respect to the remaining instances of ineffective assistance of counsel alleged by defendant,

we conclude based on the record before us that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  Contrary to the further contention of defendant, he was "not denied a fair trial by the cumulative effect of the alleged errors" set forth herein (*People v McKnight*, 55 AD3d 1315, 1317, *lv denied* 11 NY3d 927; *see generally People v Gramaglia*, 71 AD2d 441, 445).

We agree with defendant, however, that the sentence is unduly harsh and severe under the circumstances of this case, and we therefore modify the sentence as a matter of discretion in the interest of justice to a determinate term of imprisonment of seven years.

Entered:  November 9, 2012                        Frances E. Cafarell
                                                   Clerk of the Court