# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

260

KA 09-00153

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

PARIS D. MONTGOMERY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered November 26, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We agree with defendant that reversal is required because the evidence presented at trial rendered the indictment duplicitous, thus creating the danger that he was convicted of a crime for which he was not indicted (*see People v Filer*, 97 AD3d 1095, 1096, *lv denied* 19 NY3d 1025). The trial evidence established that a police officer observed defendant engaging in conduct indicative of a drug sale on the front porch of a house on North Clinton Avenue containing a single occupied apartment. During the course of the transaction, the officer observed defendant entering the house, presumably to retrieve the drugs for the purchaser. When the police executed a search warrant that evening, they discovered a sandwich bag containing 28 individually packaged portions of cocaine in the entryway of the house located partially under the door of a vacant apartment. In the occupied apartment, which was at the top of the stairs in the entryway, the police recovered a digital scale and a jacket that contained several small empty plastic bags and a quantity of uncut cocaine. It is apparent from the record that the grand jury returned only a one-count indictment, having found the evidence of possession of the uncut cocaine insufficient to return a second count. Although neither the indictment nor the bill of particulars indicated

which cocaine defendant was charged with possessing, i.e., the cocaine in the sandwich bag or the uncut cocaine, the People orally specified before trial that the grand jury had found the evidence insufficient to charge defendant with possession of the uncut cocaine, and thus defendant had the requisite notice of the offense charged in the indictment (*see generally People v Alonzo*, 16 NY3d 267, 269).  The indictment was rendered duplicitous, however, because the People presented evidence at trial that defendant had constructive possession of both the uncut cocaine and the cocaine in the sandwich bag.  Indeed, the prosecutor advanced that theory in her opening statement and on summation.  "Under the circumstances, there can be no assurance that the jury 'reached a unanimous verdict' " with respect to defendant's constructive possession of the cocaine in the sandwich bag as opposed to the uncut cocaine (*People v Bracewell*, 34 AD3d 1197, 1199, quoting *People v Keindl*, 68 NY2d 410, 418, *rearg denied* 69 NY2d 823).  We therefore reverse the judgment of conviction and dismiss the indictment without prejudice to the People to re-present new charges to another grand jury (*see Filer*, 97 AD3d at 1096).

In light of the foregoing, it is unnecessary to address defendant's remaining contentions.

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court