# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

367

KA 11-00641

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RONDULA LANE, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

RONDULA LANE, DEFENDANT-APPELLANT PRO SE.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered August 9, 2010. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree (four counts), burglary in the second degree and sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts of criminal sexual act in the first degree (Penal Law § 130.50 [1]), and one count each of burglary in the second degree (§ 140.25 [2]) and sexual abuse in the first degree (§ 130.65 [1]). We reject defendant's contention that County Court erred in refusing to suppress his statements to the police. Contrary to defendant's contention, the evidence introduced at the suppression hearing fails to establish that he " 'was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements' " (*People v Schompert*, 19 NY2d 300, 305, *cert denied* 389 US 874; *see People v Lake*, 45 AD3d 1409, 1410, *lv denied* 10 NY3d 767). Defendant's reliance on evidence introduced at trial in support of his contention is misplaced. It is well settled that "evidence subsequently admitted [at] trial cannot be used to support [or undermine] the determination of the suppression court denying [a] motion to suppress [an] oral confession; the propriety of the denial must be judged on the evidence before the suppression court" (*People v Gonzalez*, 55 NY2d 720, 721-722, *rearg denied* 55 NY2d 1038, *cert denied* 456 US 1010; *see People v Carmona*, 82 NY2d 603, 610 n 2).

Defendant made only a general motion for a trial order of

dismissal at the close of the People's case, and thus failed to preserve for our review his contention that the evidence is legally insufficient to support the burglary conviction (*see People v Gray*, 86 NY2d 10, 19; *People v Pollard*, 70 AD3d 1403, 1404-1405, *lv denied* 14 NY3d 891).  In any event, that contention is without merit.  The victim testified in detail concerning that crime, and other testimony, including that of defendant, corroborated her testimony, thereby satisfying "the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495).  Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict with respect to all counts is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Even assuming, arguendo, that a different result would not have been unreasonable, we conclude that the jury did not fail to give the evidence the weight it should be accorded, and there is no basis upon which to disturb the jury's credibility determinations (*see generally id.*).

We reject defendant's further contention that he was denied effective assistance of counsel.  "The constitutional requirement of effective assistance of counsel will be satisfied [where, as here,] 'the evidence, the law, and the circumstances of [the] particular case, viewed *in totality and as of the time of the representation*, reveal that the attorney provided meaningful representation' " (*People v Flores*, 84 NY2d 184, 187).  "[I]t is well settled that disagreement over trial strategy is not a basis for a determination of ineffective assistance of counsel" (*People v Dombrowski*, 94 AD3d 1416, 1417, *lv denied* 19 NY3d 959; *see People v Henry*, 74 AD3d 1860, 1862, *lv denied* 15 NY3d 852; *see generally People v Benevento*, 91 NY2d 708, 712-714).  Here, "[t]he alleged instances of ineffective assistance concerning defense counsel's failure to make various objections [or certain motions or requests] 'are based largely on [defendant's] hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies' " (*People v Douglas*, 60 AD3d 1377, 1377, *lv denied* 12 NY3d 914; *see People v Stepney*, 93 AD3d 1297, 1298, *lv denied* 19 NY3d 968).

Defendant failed to preserve for our review his contention in his main and pro se supplemental briefs that he was deprived of a fair trial by prosecutorial misconduct during opening and closing statements because he failed to object to any of the alleged improprieties (*see People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967; *see also People v Balls*, 69 NY2d 641, 642).  In any event, assuming, arguendo, that the prosecutor's comments were improper, we conclude that they "did not cause such substantial prejudice to the defendant that he has been denied due process of law" (*People v Stabell*, 270 AD2d 894, 894, *lv denied* 95 NY2d 804 [internal quotation marks omitted]; *see People v Agostini*, 84 AD3d 1716, 1716, *lv denied* 17 NY3d 857).

Defendant failed to preserve for our review his further

contention that he was deprived of a fair trial by the introduction of certain evidence. Specifically, the record establishes that defendant moved to preclude parts of a recording that the police made of his statements on the ground that they contained evidence of uncharged crimes and, although the court denied the motion, the court gave prompt curative instructions to the jury at trial when the recording was played. Defendant did not object to the instructions that were given, nor did he object further or seek a mistrial, and he thus failed to preserve for our review his contention that he was deprived of a fair trial by the introduction of the evidence. "Under these circumstances, the curative instructions must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944; *see People v Adams*, 90 AD3d 1508, 1509, *lv denied* 18 NY3d 954). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that the court erred in imposing consecutive sentences on the counts of the indictment charging him with sexual abuse and criminal sexual act. "[I]t is well settled that consecutive sentences may be imposed where[, as here,] acts of deviate sexual intercourse occur within a continuous sexual incident [inasmuch as] the material elements are distinct and require different sexual acts" (*People v Lanfair*, 18 AD3d 1032, 1033-1034, *lv denied* 5 NY3d 790; *see People v Laureano*, 87 NY2d 640, 643; *People v Ramirez*, 44 AD3d 442, 445, *lv denied* 9 NY3d 1008).

Defendant failed to preserve for our review his contention in his pro se supplemental brief that certain counts of the indictment are facially duplicitous (*see People v Becoats*, 71 AD3d 1578, 1579, *affd* 17 NY3d 643, *cert denied* ___ US ___, 132 S Ct 1970). In any event, that contention is without merit inasmuch as "[e]ach count of [the] indictment . . . charge[s] one offense only" (CPL 200.30 [1]). Furthermore, although defendant's additional contention that the indictment was rendered duplicitous by the trial testimony need not be preserved for our review (*see People v Filer*, 97 AD3d 1095, 1096, *lv denied* 19 NY3d 1025; *People v Boykins*, 85 AD3d 1554, 1555, *lv denied* 17 NY3d 814), that contention is also without merit. The victim's testimony and the court's charge establish that different conduct is alleged in each of the various counts (*see People v Alonzo*, 16 NY3d 267, 269), and that the incident was not a single uninterrupted crime (*cf. People v Snyder*, 100 AD3d 1367, 1367). Defendant's further contention in his pro se supplemental brief concerning the sufficiency of the evidence before the grand jury is not properly before us. It "is well established that '[t]he validity of an order denying any motion [to dismiss an indictment for legal insufficiency of the grand jury evidence] is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence' " (*People v Afrika*, 79 AD3d 1678, 1679, *lv denied* 17 NY3d 791, quoting CPL 210.30 [6]; *see People v Smith*, 4 NY3d 806, 808). Here, we rejected defendant's challenge to the legal sufficiency of the evidence with respect to the burglary conviction, and defendant has not challenged the legal sufficiency of the evidence with respect to the remaining convictions (*see Smith*, 4 NY3d at 808).

        The sentence is not unduly harsh or severe.  We have considered
defendant's remaining contentions in his main and pro se supplemental
briefs, and conclude that none warrants reversal or modification.

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court