# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1313**

**KA 12-00294**

PRESENT: SMITH, J.P., LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                       MEMORANDUM AND ORDER

ADONIS LINDER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered July 29, 2009. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree, criminal possession of a weapon in the third degree and attempted robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of assault in the second degree (Penal Law § 120.05 [2]), criminal possession of a weapon in the third degree (§ 265.02 [3]), and attempted robbery in the first degree (§§ 110.00, 160.15 [2]), defendant contends that County Court erred in failing to suppress identification evidence on the ground that it was the product of an unlawful detention. Although defendant's omnibus motion sought, inter alia, suppression of any and all evidence obtained by the police as a result of what he alleged to have been an unlawful detention, the court held only a *Wade* hearing and did not rule on the legality of the detention. By failing to seek a ruling on that part of his omnibus motion challenging the detention and by failing to object to the identification testimony on that ground at trial, defendant abandoned his challenge to the detention (*see People v Adams*, 90 AD3d 1508, 1509, *lv denied* 18 NY3d 954; *People v Anderson*, 52 AD3d 1320, 1321, *lv denied* 11 NY3d 733). In any event, we note that "the factual assertions contained in defendant's moving papers were insufficient to warrant a hearing" on the issue of the alleged illegality of the detention (*People v Battle*, 109 AD3d 1155, 1157; *see People v Mendoza*, 82 NY2d 415, 425-427).

Having viewed a copy of the photo array shown by the police to the victims, we further conclude that the court properly determined

that the array was not unduly suggestive, inasmuch as "the subjects depicted in the photo array are sufficiently similar in appearance so that the viewer's attention is not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (*People v Quinones*, 5 AD3d 1093, 1093, *lv denied* 3 NY3d 646; *see People v Plumley*, 111 AD3d 1418, 1420).  Nor was there any evidence at the *Wade* hearing indicating that the identification procedures employed by the police were unduly suggestive (*see People v McCurty* [appeal No. 2], 60 AD3d 1406, 1407, *lv denied* 12 NY3d 856).

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish defendant's commission of the offenses in question.  Not only was defendant identified at trial by one of the victims, but the People introduced a notarized letter written by defendant prior to trial in which he admitted his involvement in the crimes and accepted "full responsibility for the home invasion/shooting" he was alleged to have committed with others.  Although it was one of the codefendants and not defendant who shot the victim in the foot outside the victim's apartment, there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant, who was chasing the victim at the time with a loaded assault rifle, shared the codefendant's intent to cause injury to the victim, an element of assault in the second degree as charged under Penal Law § 120.05 (2).  Further, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that the indictment failed to give him fair notice "as to what specific conduct was alleged" in the two counts charging assault in the second degree, i.e., counts two and nine (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's related contention, the failure of the indictment to distinguish between the two counts of assault does not constitute a mode of proceedings error to which the rules of preservation do not apply.  With respect to his mode of proceedings contention, defendant relies on, inter alia, *People v McNab* (167 AD2d 858, 858), wherein we held that the "defendant's right to be tried and convicted of only those crimes charged in the indictment is fundamental."  Here, unlike in *McNab* and its progeny (*see e.g. People v Boykins*, 85 AD3d 1554, *lv denied* 17 NY3d 814; *People v Comfort*, 31 AD3d 1110, *lv denied* 7 NY3d 847; *People v Burns*, 303 AD2d 1032), there is no danger that defendant was convicted of an unindicted act.  Count nine of the indictment was dismissed prior to trial, leaving count two as the only assault charge.  As the People correctly note, the grand jury minutes make clear that the prosecutor, in instructing the grand jurors, stated that count two related to the shooting of the victim outside his apartment and that count nine related to the shooting inside the apartment.  In rendering its verdict, the court offered detailed findings of fact demonstrating that it found defendant guilty

of assault in the second degree for the shooting outside the apartment.  It therefore follows that defendant was convicted under count two of the same conduct for which he was indicted under count two, and there was no variance in fact or theory (*cf. People v Grega*, 72 NY2d 489, 495-496).  In addition, because this was a bench trial, there is no danger that the conviction was the result of a non-unanimous verdict (*cf. Boykins*, 85 AD3d at 1555; *People v Jacobs*, 52 AD3d 1182, 1183, *lv denied* 11 NY3d 926).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  February 7, 2014                        Frances E. Cafarell
                                                  Clerk of the Court