People v Johnson (2021 NY Slip Op 02928)





People v Johnson


2021 NY Slip Op 02928


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


412 KA 18-00918

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN JOHNSON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 12, 2018. The judgment convicted defendant upon his plea of guilty of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]). We affirm. Defendant's contention that he did not knowingly, intelligently, or voluntarily plead guilty is not preserved for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Darling, 125 AD3d 1279, 1279 [4th Dept 2015], lv denied 25 NY3d 1071 [2015]; People v Boyd, 101 AD3d 1683, 1683 [4th Dept 2012]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant's contention that County Court erred in refusing to suppress identification testimony on the ground that the photo array used in the identification procedure was unduly suggestive is unpreserved because he did not raise "the specific grounds upon which he now challenges the procedure" at the suppression hearing (People v Lago, 60 AD3d 784, 784 [2d Dept 2009], lv denied 13 NY3d 746 [2009]; see generally CPL 470.05 [2]; People v Cruz, 89 AD3d 1464, 1465 [4th Dept 2011], lv denied 18 NY3d 993 [2012]). In any event, the evidence adduced at the hearing established that the various persons depicted in the photo array were sufficiently similar in appearance to defendant that the pretrial identification procedure was not unduly suggestive, inasmuch as "the viewer's attention was not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (People v Johnson, 126 AD3d 1326, 1327 [4th Dept 2015], lv denied 25 NY3d 1166 [2015]; see People v Linder, 114 AD3d 1200, 1201 [4th Dept 2014], lv denied 23 NY3d 1022 [2014]). We thus conclude that the court properly determined that the People met their initial burden of establishing that the police conduct with respect to the photo array procedure was reasonable and that defendant failed to meet his ultimate burden of proving that the procedure was unduly suggestive (see People v Logan, 178 AD3d 1386, 1387 [4th Dept 2019], lv denied 35 NY3d 1028 [2020]; see generally People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court