■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN D. PORTER, Appellant. [682 NYS2d 268] —White, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 7, 1997, upon a verdict convicting defendant of the crimes of aggravated sexual abuse in the second degree and sexual abuse in the first degree.

During the Fourth of July holiday in 1996, defendant and several of his friends, who were accompanied by their young children, were camping in the Town of Windsor, Broome County. On the afternoon of July 3, 1996 defendant volunteered to accompany the children while they went swimming in a nearby stream. After the nine-year-old victim, who was the only female in the group, came out of the water defendant, who was carrying her in his arms, touched her improperly in the vaginal area and attempted to kiss her. She struck defendant and fled screaming to the camp site, calling for her father, while defendant ran away in the opposite direction. The girlfriend of the victim's father observed her crying and the victim told her that defendant had attempted to touch her and kiss her. The victim's mother, who was separated from the father and not a member of the camping party, learned of this incident several days later and, after notifying the police, took the victim to a nurse who observed definite irritation and tenderness in her vaginal area.

An investigation was conducted by the Sheriff's Department and on July 16, 1996 defendant voluntarily accompanied Detective Gary Deane to the Sheriff's office where, after being given his *Miranda* rights, he gave a statement in which he denied touching or kissing the victim. However, on July 19, 1996 after speaking with others who had been present on the camping trip, Deane again asked defendant to accompany him to the station. Defendant did so, again waived his *Miranda* rights and, after a brief interrogation, gave a statement in which he admitted that his thumb had been in contact with the victim's

vagina but claimed that the victim was the aggressor. Immediately thereafter he gave a third statement in which he conceded that the sexual contact was not the victim's fault and that he had been caught up in the moment and became sexually aroused.

A suppression hearing was held and County Court found that defendant was not in custody when he gave his statements, that in each instance he had received full and complete *Miranda* warnings which he knowingly and intelligently waived, and that there was no evidence of coercive or overbearing tactics on the part of the police. After the motion to suppress was denied, defendant proceeded to trial. He was found guilty of aggravated sexual abuse in the second degree and sexual abuse in the first degree and was sentenced to a prison term as a second violent felony offender.

Defendant contends that he was denied effective assistance of counsel in that trial counsel failed to raise the issue of unlawful arrest in connection with defendant's July 19, 1996 statements. However, the record is clear that counsel argued this point during the suppression hearing but that County Court determined that defendant voluntarily accompanied Deane to the police station and was not in custody. Further, we find that trial counsel engaged in pretrial discovery and motion practice, thoroughly cross-examined witnesses at both the suppression hearing and the trial, and delivered cogent opening and closing arguments. Thus, viewing the totality of the circumstances, defendant received meaningful representation (*see, People v Ackley*, 235 AD2d 633, 635, *lv denied* 89 NY2d 983; *People v Rick*, 224 AD2d 790, *lv denied* 88 NY2d 852; *People v Johnson*, 213 AD2d 791, 795, *lv denied* 85 NY2d 975).

Defendant further argues that the statements of July 19, 1996 were involuntary and that he was deceived by the police and coerced into signing them. However, County Court found that defendant, who was not unfamiliar with the criminal justice system, had voluntarily signed the *Miranda* warning form and given voluntary statements to the detective, crediting the testimony of the detective and discrediting the testimony of defendant. Based on the record before us, we find County Court did not err in finding that the People established beyond a reasonable doubt that said statements were voluntary (*see, People v Witherspoon*, 66 NY2d 973, 974).

Although defendant questions the admission of a photo array into evidence during the trial, we find that this matter was not properly preserved for appellate review (*see,* CPL 470.05 [2]).

In any event since the identification of defendant was not an issue in the case, any error in allowing said photo array into evidence was harmless.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.