■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. BRANDEL, Appellant. [762 NYS2d 468] —Appeal from a judgment of Niagara County Court (Fricano, J.), entered March 3, 2000, convicting defendant after a jury trial of, inter alia, sexual abuse in the first degree (eight counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of eight counts of sexual abuse in the first degree (Penal Law § 130.65 [2]) and three counts of aggravated sexual abuse in the third degree (§ 130.66 [1] [b]). Defendant failed to preserve for our review his contention that the indictment is multiplicitous (*see People v D'Eredita*, 302 AD2d 925 [2003]). In any event, that contention is without merit. An indictment is multiplicitous when "two separate counts of the indictment charge the same crime" (*People v Kindlon*, 217 AD2d 793, 795 [1995], *lv denied* 86 NY2d 844 [1995]; *see People v Aarons*, 296 AD2d 508 [2002], *lv denied* 99 NY2d 532 [2002]). While counts 1 through 8 of the indictment all charge defendant with sexual abuse in the first degree, and counts 9 through 11 of the indictment all charge aggravated sexual abuse in the third degree, each count of each respective crime relates to a separate act, as depicted in photographs that were introduced in evidence at trial. Because each abusive act constitutes a separate and distinct offense, the indictment is not multiplicitous (*see People v Grosso*, 281 AD2d 986, 988 [2001], *lv denied* 96 NY2d 800 [2001]; *People v Nailor*, 268 AD2d 695, 696 [2000]). Even assuming, arguendo, that counts 10 and 11 of the indictment relate to the same abusive act, we would dismiss only count 11. However, inasmuch as defendant

received concurrent sentences, and there would therefore be no difference in the quantum of punishment imposed, we decline to reach the issue as a matter of discretion in the interest of justice (*see People v Morey*, 224 AD2d 730, 731 [1996], *lv denied* 87 NY2d 1022 [1996]).

Defendant also failed to preserve for our review his contention that the evidence that the victim was physically helpless is legally insufficient to support the conviction (*see* Penal Law § 130.65 [2]; § 130.66 [1] [b]). In any event, that contention is without merit. The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), establishes that the victim was incapable of consent because she was unconscious at the time defendant committed the acts of sexual abuse (*see* § 130.00 [7]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his further contention that reversal is required based on the People's failure to allow defense counsel to make copies of photographs sought in defendant's discovery demand and introduced at trial (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). In any event, the court was authorized to limit discovery (*see* CPL 240.50 [1]). We have considered the remaining contentions of defendant, including his contention regarding the severity of the sentence, and conclude that they are without merit. Present—Pine, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.