■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN DAVIS, Appellant. [788 NYS2d 782]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered November 13, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of robbery in the third degree (Penal Law § 160.05) based on two separate incidents, defendant contends that the identification procedure used after each incident was unduly suggestive, thereby tainting the identifications of defendant at trial. With respect to the first incident, we conclude that the photo array, depicting defendant with an eye color different from the other five subjects, "was not so suggestive as to give rise to 'a very substantial likelihood of irreparable misidentification' " (*People v Burton*, 226 AD2d 1073, 1073 [1996], *lv denied* 88 NY2d 934 [1996], quoting *Simmons v United States*, 390 US 377, 384 [1968]) and did not " 'create a substantial likelihood that the defendant would be singled out for identification' " (*People v Lee*, 96 NY2d 157, 163 [2001], quoting *People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). With respect to the second incident, we further conclude, however, that the proof at the *Wade* hearing failed to establish that the showup identification procedure was proper. There was no evidence presented at the *Wade* hearing to establish when the alleged crime was committed and thus nothing established that the showup procedure was conducted "in close geographic and temporal proximity to the *crime*" (*People v Ortiz*, 90 NY2d 533, 537 [1997] [emphasis added]; *cf. People v Seegars*, 172 AD2d 183, 186 [1991], *appeal dismissed* 78 NY2d 1069 [1991]). Rather, the police officer testified that the procedure was conducted in temporal proximity to the complainant's arrival at the police station to report the crime. Any error in admitting identification testimony resulting from the improper showup procedure was harmless beyond a reasonable doubt, however, because defendant conceded that he was the person with the complainant when the crime was allegedly committed and therefore identification was not at issue at trial (*see People v Porter*, 256 AD2d 816, 817-818 [1998]).

Contrary to the contention of defendant, he received effective assistance of counsel. Defendant contends that counsel erred in

failing to challenge a particular juror and in failing to oppose the People's motion for consolidation pursuant to CPL 200.20 (2) (b) and (c). There was no basis to challenge the juror for cause, and under the circumstances of this case, the failure to challenge a particular juror does not indicate ineffectiveness of counsel (*see People v Thomas*, 244 AD2d 271 [1997], *lv denied* 91 NY2d 898 [1998]; *see also People v Turck*, 305 AD2d 1072, 1073 [2003], *lv denied* 100 NY2d 566 [2003]). Nor did defense counsel's failure to oppose the consolidation motion constitute ineffective assistance of counsel. "Defense counsel had a discernible strategy, and it is not for this Court 'to second-guess whether a course chosen by [defense] counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation' " (*People v Barnes*, 305 AD2d 1095, 1095-1096 [2003], *lv denied* 100 NY2d 592 [2003], quoting *People v Satterfield*, 66 NY2d 796, 799-800 [1985]). In any event, County Court did not abuse its discretion in granting consolidation pursuant to CPL 200.20 (2) (c) (*see People v Allah*, 283 AD2d 436 [2001]; *see generally People v Lane*, 56 NY2d 1, 8 [1982]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant has failed to preserve for our review his contention that prosecutorial misconduct on summation deprived him of a fair trial (*see People v Perez*, 298 AD2d 935, 937 [2002], *lv denied* 99 NY2d 562 [2002]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.