THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. SILER, Appellant. [844 NYS2d 823]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 18, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that County Court erred in refusing to suppress the identification testimony of the robbery victim on the ground that the showup identification procedure was unduly suggestive. We reject that contention. The showup identification procedure was conducted in geographic and temporal proximity to the robbery (*see People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Duuvon*, 77 NY2d 541, 543-544 [1991]), and the fact that defendant was standing next to a police officer with a spotlight on him during the showup does not render it unduly suggestive (*see People v Delarosa*, 28 AD3d 1186, 1187 [2006], *lv denied* 7 NY3d 811 [2006]; *see also People v Robinson*, 8 AD3d 1028 [2004], *affd* 5 NY3d 738 [2005]). In any event, any error in admitting the victim's identification testimony is harmless beyond a reasonable doubt (*see People v Davis*, 15 AD3d 930, 931 [2005], *lv denied* 5 NY3d 761 [2005]). Defendant admitted at trial that he committed the robbery of the victim, and thus "identification was not at issue at trial" (*id.*).

Finally, we conclude that the court did not abuse its discretion in denying defendant's request for youthful offender status (*see generally People v Smith*, 286 AD2d 878 [2001], *lv denied* 98 NY2d 641 [2002]), and the sentence is not unduly harsh or

severe. Present—Gorski, J.P., Martoche, Smith, Peradotto and Green, JJ.