# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**26**
**KA 12-02042**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL WADE, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (MARY P. DAVISON OF COUNSEL),
FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (MELVIN BRESSLER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered September 19, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts), grand larceny in the fourth degree, burglary in the third degree and petit larceny (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of petit larceny under count five of the indictment and dismissing that count of the indictment, and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of burglary in the second degree (Penal Law § 140.25 [2]) and three counts of petit larceny (§ 155.25), defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress the showup identification testimony of one of the victims on the ground that the showup procedure was unduly suggestive. Although we agree with defendant that the People "failed in their threshold responsibility to call any witness who could testify to the circumstances under which defendant was actually identified" by that victim (*People v Ortiz*, 90 NY2d 533, 538), we conclude that the court's error in refusing to suppress that identification testimony is harmless beyond a reasonable doubt (*see People v Siler*, 45 AD3d 1403, 1403, *lv denied* 10 NY3d 771; *People v Davis*, 15 AD3d 930, 931, *lv denied* 5 NY3d 761). That victim did not identify defendant at trial and, moreover, defense counsel conceded during summation that defendant was the person who was present at the scene and spoke with the victims, and thus that victim's identification of defendant was not at issue at trial (*see Siler*, 45 AD3d at 1403; *Davis*, 15 AD3d at 931).

Contrary to defendant's further contention, the counts of the indictment charging him with burglary in the second degree are not multiplicitous. Although an indictment may be multiplicitous where " 'two separate counts of the indictment charge the same crime' " (*People v Brandel*, 306 AD2d 860, 860; *see People v Kindlon*, 217 AD2d 793, 795, *lv denied* 86 NY2d 844), an indictment may include separate counts charging the same crime provided that each crime "constitutes a separate and distinct offense" (*Brandel*, 306 AD2d at 860). Here, there was evidence, albeit circumstantial, from which the jury could have concluded that defendant entered the victims' home, stole property including sunglasses and a wallet, and then exited the home. The circumstantial evidence also permitted the jury to conclude that, at another point in time, defendant entered a different part of that home and stole other property. Thus, defendant was properly charged with two separate counts of burglary in the second degree (*see People v Felder*, 2 AD3d 365, 365, *lv denied* 2 NY3d 799; *see generally People v Brown*, 255 AD2d 686, 687, *lv denied* 92 NY2d 1029).

We agree with defendant's further contention, however, that count five of the indictment, charging him with petit larceny, was rendered duplicitous by the trial evidence. We therefore modify the judgment accordingly. "Because defendant's right to be tried and convicted of only those crimes charged in the indictment is fundamental and nonwaivable" (*People v McNab*, 167 AD2d 858, 858; *see People v Filer*, 97 AD3d 1095, 1096, *lv denied* 19 NY3d 1025), we review defendant's contention despite his failure to preserve it. CPL 200.30 (1) provides that "[e]ach count of an indictment may charge one offense only." Count five of the indictment charged defendant with stealing a bicycle and thus was not facially defective. At trial, however, the evidence established that two bicycles were stolen. Consequently, " '[r]eversal is required because the jury may have convicted defendant of an unindicted [petit larceny], resulting in the usurpation by the prosecutor of the exclusive power of the [g]rand [j]ury to determine the charges' . . . , as well as the 'danger that . . . different jurors convicted defendant based on different acts' " (*People v Jacobs*, 52 AD3d 1182, 1183, *lv denied* 11 NY3d 926). Under the circumstances presented here, we dismiss that count of the indictment with prejudice.

Defendant's remaining contentions are not preserved for our review, and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered: June 20, 2014                                   Frances E. Cafarell
                                                        Clerk of the Court