■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD L. DEAN, Appellant. [995 NYS2d 839]—

Rose, J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered September 26, 2012, upon a verdict convicting defendant of the crimes of rape in the third degree (three counts) and endangering the welfare of a child (three counts).

Defendant was charged with three counts each of rape in the third degree and endangering the welfare of a child stemming from allegations that, when he was 48 years of age, he repeatedly had sexual intercourse with a 15-year-old girl. After a *Huntley* hearing, defendant's motion to suppress the oral and written statements he made to police was denied. Defendant

was convicted as charged following a jury trial, and County Court sentenced him to an aggregate prison term of 12 years to be followed by 10 years of postrelease supervision. Upon defendant's appeal, we affirm.

Defendant initially asserts in his pro se brief that defense counsel was ineffective, but our review of the record discloses that counsel filed an omnibus motion, familiarized himself with the relevant evidence, effectively cross-examined the People's witnesses at both the *Huntley* hearing and at trial, advanced a cogent trial strategy, made relevant objections and gave coherent opening and closing statements (*see People v Green*, 119 AD3d 23, 31 [2014], *lv denied* 23 NY3d 1062 [2014]; *People v Jabaut*, 111 AD3d 1140, 1146 [2013], *lv denied* 22 NY3d 1139 [2014]). Although defendant correctly points out that defense counsel acknowledged not watching all of defendant's videotaped interviews with the police, defendant was interviewed regarding other criminal behavior that County Court had already ruled to be inadmissible as part of the People's case-in-chief and defense counsel plainly had viewed the relevant portion of the videotape. We are, accordingly, satisfied that defendant received meaningful representation (*see People v Green*, 119 AD3d at 31).

Contrary to the further argument of defense counsel, the sentence imposed was not harsh and excessive. Considering defendant's prior criminal history, which includes a prior conviction for sexual abuse in the third degree, as well as the severity of the conduct at issue here, "we perceive no extraordinary circumstances or abuse of discretion that would warrant this Court's intervention" (*People v Watson*, 115 AD3d 1016, 1017 [2014], *lv denied* 24 NY3d 965 [2014]; *see People v Terry*, 85 AD3d 1485, 1486 [2011], *lv denied* 17 NY3d 862 [2011]).

We have examined the remaining contentions in defendant's pro se brief and found them to lack merit.

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.