# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

5
KA 10-01790
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DONNELL JEFFERSON, DEFENDANT-APPELLANT.

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONNELL JEFFERSON, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered July 21, 2010. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault (two counts), kidnapping in the second degree, and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of predatory sexual assault (Penal Law § 130.95 [1] [b]; [3]), and one count each of kidnapping in the second degree (§ 135.20) and robbery in the first degree (§ 160.15 [3]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The evidence against defendant is based largely on the testimony of prosecution witnesses, and we afford deference to the jury's ability "to view the witnesses, hear the testimony and observe demeanor" (*id.; see People v Gay*, 105 AD3d 1427, 1428).

We further reject defendant's contention that County Court erred in permitting a witness to testify that defendant had called her on the night of the incident and indicated that he might be "going to jail." That testimony was admissible because defendant's statement was relevant with respect to his consciousness of guilt, and the probative value of the testimony outweighs any potential prejudice (*see People v Bennett*, 79 NY2d 464, 469-470; *People v Case*, 113 AD3d 872, 873, *lv denied* 23 NY3d 961). We likewise reject defendant's

contention that the court erred in admitting in evidence both the phone cord found in the victim's vehicle and the results of the DNA testing from the cord, based on a gap in the chain of custody. "The People provided sufficient assurances of the identity and unchanged condition of the [cord] . . . , and any alleged gaps in the chain of custody went to the weight of the evidence and not its admissibility" (*People v Johnson*, 121 AD3d 1578, 1578; *see People v Julian*, 41 NY2d 340, 342-343; *People v Howard*, 2 AD3d 1323, 1323-1324, *lv denied* 2 NY3d 800). In any event, any error in admitting the cord and the DNA results in evidence is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant failed to preserve for our review his contention that the indictment is multiplicitous with respect to the two counts of predatory sexual assault (*see People v Sponburgh*, 61 AD3d 1415, 1416, *lv denied* 12 NY3d 929; *People v Brandel*, 306 AD2d 860, 860) and, in any event, that contention is without merit. Although the two counts concern the same victim, they require, respectively, proof that defendant used or threatened the immediate use of a dangerous instrument and proof that defendant committed a prior felony under Penal Law article 130. "An indictment is not multiplicitous if each count requires proof of an additional fact that the other does not" (*People v Kindlon*, 217 AD2d 793, 795, *lv denied* 86 NY2d 844). We further conclude that the sentence is not unduly harsh or severe.

Defendant contends in his main and pro se supplemental briefs that he was deprived of effective assistance of counsel because, inter alia, defense counsel waived certain pretrial hearings, waived an opening statement at trial, and did not cross-examine all of the prosecution witnesses. To the extent that defendant's contention "involve[s] matters outside the record on appeal, . . . the proper procedural vehicle for raising [that] contention[] is a motion pursuant to CPL 440.10" (*People v Archie*, 78 AD3d 1560, 1562, *lv denied* 16 NY3d 856). To the extent that defendant's contention is properly before us, we conclude that defendant received meaningful assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant further contends in his pro se supplemental brief that he was deprived of a fair trial based on alleged *Brady* violations. Those parts of defendant's contention concerning the prosecutor's alleged failure to disclose his ex-girlfriend's prior exculpatory statements made on his behalf and the victim's ex-boyfriend's prior written statement involve matters outside the record, and thus must be raised by a motion pursuant to CPL article 440 (*see People v DeJesus*, 110 AD3d 1480, 1482, *lv denied* 22 NY3d 1155). To the extent that defendant's contention is reviewable, we conclude that it lacks merit.

Entered:  February 13, 2015

Frances E. Cafarell
Clerk of the Court