*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    105189
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
        v                                    MEMORANDUM AND ORDER

TIMOTHY L. KNAPP,
                    Appellant.
_____

Calendar Date:  February 10, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Clark, JJ.

_____

        Robert A. Gouldin, Oneonta, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Damian M.
Sonsire of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered July 3, 2012, upon a verdict
convicting defendant of the crime of predatory sexual assault
against a child (four counts).

        Defendant was charged in an indictment with four counts of
predatory sexual assault against a child as a result of
allegations that he subjected the victim (born in 2000) to a
range of improper sexual contact in the summer of 2011.
Following a jury trial, he was convicted as charged.  County
Court sentenced defendant to an aggregate term of 15 years to
life in prison, and he now appeals.

We affirm.  Defendant failed to preserve for our review his contention that three of the four counts in the indictment are multiplicitous (see People v Blount, 129 AD3d 1303, 1304 [2015]; People v Jefferson, 125 AD3d 1463, 1464 [2015], lv denied 25 NY3d 990 [2015]).  The argument is without merit, in any case, as the counts are premised upon separate and distinct types of sexual contact that occurred during the summer of 2011 (see People v Jefferson, 125 AD3d at 1464; People v Brandel, 306 AD2d 860, 860 [2003]; see also Penal Law §§ 130.35 [4]; 130.50 [4]; 130.96).

Defendant next asserts that the verdict was against the weight of the evidence.  The record reveals that the victim was 11 years old in the summer of 2011 and that defendant was caring for her and her siblings while her mother worked.  While the victim indicated that the abuse occurred in various rooms of the house, she testified that the bulk of the incidents occurred in her mother's bedroom, to which she would be ordered on various pretexts by defendant.  He sexually abused her in a variety of ways in the bedroom, with the victim recounting multiple instances of vaginal and anal sex.  The victim further testified to instances where she was forced to perform oral sex on defendant and where he performed oral sex on her.  The victim's younger sister also testified and recalled incidents when defendant and the victim were in the bedroom with the door shut during the summer of 2011.

The victim did not disclose the abuse for several months because of threats made by defendant and concerns that her mother would not believe her, and the mother only learned of it after witnessing an argument between defendant and the victim's stepsister wherein the latter threatened to tell "what [defendant had] been doing" with the victim.  In our view, an acquittal would not have been unreasonable given the absence of physical evidence establishing that the abuse had occurred, as well as the contentious relationships between defendant and the victim's family members that might have motivated the victim to fabricate her accusations (see People v VanDeusen, 129 AD3d 1325, 1326 [2015], lv denied 26 NY3d 972 [2015]).  Defendant explored those issues at trial, however, and the jury credited the account of the victim that she had been sexually abused by defendant and had never been told by any of her family members to lie about what

had occurred.  According great weight to that credibility determination, as we must, and weighing the conflicting testimony (see People v Kancharla, 23 NY3d 294, 303 [2014]), we do not find the verdict to be against the weight of the evidence (see People v Adams, 135 AD3d 1154, 1155 [2016]; People v VanDeusen, 129 AD3d at 1326).

Defendant further claims that defense counsel was ineffective in failing to procure the testimony of a physician who had examined the victim in December 2011 and found her to have a generally normal examination that was nonetheless "consistent with" her claims of sexual abuse.  The People first sought to call the physician to the witness stand, but eventually chose not to do so and represented that they would not attempt to introduce the examination report into evidence.  Defense counsel likewise declined to call the physician to testify, explaining to County Court that the physician had found nothing inconsistent with the claims of abuse and that, after discussing the issue with defendant, they had elected not to risk placing the physician on the witness stand and obtaining what could be damaging testimony.  It is accordingly evident that "a strategic reason [existed] for the failure complained of by defendant," as calling the physician could have interfered with defense counsel's trial strategy of attacking the credibility of the victim and stressing the absence of physical evidence to show that she had been abused (People v Gross, 26 NY3d 689, ___, 2016 NY Slip Op 01204, *3 [2016]; see People v Rivera, 71 NY2d 705, 709 [1988]).  Inasmuch as the record in its totality establishes that defense counsel provided meaningful representation, and the purported error by defense counsel was not "sufficiently egregious and prejudicial" to call the remainder of his performance into question, we find that defendant received the effective assistance of counsel (People v Caban, 5 NY3d 143, 152 [2005]; see People v Burgos, 90 AD3d 1670, 1670-1671 [2011], lv denied 19 NY3d 862 [2012]).

Defendant lastly argues that the sentence imposed was harsh and excessive but, after taking into account his long criminal history and the nature of offenses for which he was convicted here, we are unpersuaded (see People v Dean, 122 AD3d 1004, 1005 [2014]; People v Hughes, 114 AD3d 1021, 1025 [2014], lv denied 23

NY3d 1038 [2014]).

Peters, P.J., Garry, Rose and Clark, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court